1
2
3
4                   UNITED STATES DISTRICT COURT
5                 NORTHERN DISTRICT OF CALIFORNIA
6
7   LEONORA O. BALDOZA, ET.AL.,          3:12-cv-05966 JCS
8           Plaintiff(s),
                                         **NOTICE REGARDING SUMMARY**
9   v.                                   **JUDGEMENT MOTIONS**
10  BANK OF AMERICA, NATIONAL
    ASSOCIATION ET.AL.,
11
12          Defendant(s).
    _____/
13

14        Defendant(s) in this case may file a motion for summary judgment under Rule 56 of the

15  Federal Rules of Civil Procedure.  This notice is written to explain to the pro se plaintiff how the

16  summary judgment process works and the consequences if a summary judgment motion is granted in

17  the defendant's favor.  *See Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

18        A motion for summary judgment provides a procedure for terminating an action without trial

19  if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment

20  as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of

21  the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact

22  is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the party

23  opposing the motion for summary judgment.  *Id.*

24        The party filing the motion for summary judgment is called the "moving party."  The moving

25  party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits

26  which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477

27  U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it

28  must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2   party.  But on an issue for which the opposing party will have the burden of proof at trial, the

3   moving party need only point out that there is an absence of evidence to support the opposing

4   party's case.  *Id.*

5          Once the moving party meets its initial burden, the opposing party may not rest upon the

6   allegations or denials of unverified pleadings, but must file an opposition setting forth specific facts

7   showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The facts relied upon must be

8   admissible under rules governing admission of evidence generally, and must be presented in items

9   such as: (1) declarations based on personal knowledge, accompanied by sworn or certified copies of

10  all documents referred to in the declaration[1]; *id.*; (2) discovery documents, such as answers to

11  deposition questions, answers to interrogatories or answers to requests for admissions, that have

12  been properly authenticated by a declaration by someone with personal knowledge of the

13  documents' accuracy, Fed. R. Civ. P. 56(c); (3) verified complaints that meet the requirements of

14  Rule 56(e) (that is, complaints containing factual assertions that are within the pleader's personal

15  knowledge and are otherwise admissible evidence), *see Schroeder v. McDonald*, 55 F.3d 454,460

16  (9th Cir. 1995); *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996)).  The evidence presented on

17  each claim must not only be admissible, but also must be sufficient for a jury to reasonably return a

18  verdict for the opposing party.  *Anderson*, 477 U.S. at 249.  If the opposing party fails to contradict

19  the moving party with declarations or other evidence, the moving party's evidence may be taken as

20  the truth.

21          It is not the district court's job to search the record for a genuine issue of triable fact.

22  *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The opposing party has the burden of

23

24  ───────────────

25          [1]  A declaration is a statement of facts which are personally known to the person making the declaration.  The facts in a declaration must be admissible in evidence, i.e., evidentiary facts and not

26  conclusions or argument.  The declaration must show affirmatively that the person making the declaration is competent to testify to the matters stated therein and contain no inadmissible hearsay or

27  opinions.  A declaration must be made under penalty of perjury, i.e., it must be signed at the end after the statement "I declare under penalty of perjury that the foregoing is true and correct and that this

28  declaration was executed on [date]."

2

identifying with reasonable particularity the evidence that precludes summary judgment.  *Id.*  If the opposing party fails to do so, the district court may properly dismiss the claims.  *Id.*

If the moving party has met its burden of proof and the opposing party fails to set forth specific facts showing that there is a genuine issue for trial, then "the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*, 477 U.S. at 323.  A successful motion for summary judgment terminates the action without trial, and will result in a final judgment on the merits.

Dated:  April 15, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge